**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ZODERICK DROSSON JACKSON,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | |
| | § | Criminal Action No. **3:05-CR-0076-L(01)** |
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Petitioner Zoderick Drosson Jackson's Motion to Reconsider Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), filed January 20, 2012. For the reasons that follow, the court **denies** Petitioner's Motion to Reconsider Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).

**I.       Background**

On October 30, 2006, Petitioner Zoderick Drosson Jackson ("Petitioner" or "Jackson") was sentenced to 25 years (300 months) imprisonment for conspiracy to possess with intent to distribute and to distribute 50 grams or more of a controlled substance, cocaine base, in violation of 21 U.S.C. § 846. On April 7, 2009, Petitioner filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). On April 28, 2009, the court granted Petitioner's motion and sentenced him to 238 months imprisonment, based on an amended guideline range of 262 to 327 months that was lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). The court stated, "[a] sentence of 238 months 'mirrors' the original sentence in that it is 24 months

lower than the low end of the revised guideline range, and the court determines that this sentence is reasonable and just."

On October 25, 2011, Petitioner again filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). On January 9, 2012, the court granted Petitioner's motion and sentenced him to 180 months imprisonment, based on an amended guideline range of 168 to 210 months that was lowered and made retroactive by the United States Sentencing Commission.

Petitioner now moves the court to reconsider the sentence imposed in January and sentence him to a term of imprisonment of 144 months or, alternatively, sentence him to 24 months lower than his current sentence of 180 months to a term of 156 months. In support of his motion, Petitioner relies on his demonstrated commitment to obtaining an education and his lack of disciplinary history while incarcerated.

Respondent United States of America ("Respondent" or the "government"), pursuant to this court's order of February 24, 2012, filed the Government's Opposition to Defendant's Motion to Reconsider Sentence Reduction Under 18 U.S.C. § 3582(c)(2) on March 4, 2012. The government opposes Petitioner's motion on two grounds. First, the government states that, pursuant to USSG § 1B1.10(b)(2), the court cannot reduce Petitioner's term of imprisonment to a term that is less than the minimum of the amended guideline range. Second, the government states that Petitioner is not entitled to a further reduction of his sentence of imprisonment due to the public safety considerations in USSG § 1B1.10, comment. (n.1(B)(ii)).

## II.    Analysis

A court's authority to modify a previously imposed sentence is narrow. *See United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997) (recognizing that a district court's authority to

correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b)). Section 3582 permits a defendant to move, under certain circumstances, for discretionary modification of his sentence if it was based on a sentencing range that the Sentencing Commission later lowered. *See* 18 U.S.C. § 3582(c)(2); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997).

"[T]he court must follow the instructions in the applicable policy statement, § 1B1.10(b), to decide whether the prisoner is eligible for a sentence modification and the extent of the reduction authorized." *United States v. Garcia*, 655 F.3d 426, 430 (5th Cir. 2011). "Additionally, a court is generally prohibited from reducing a sentence under § 3582(c)(2) 'to a term that is less than the minimum of the amended guideline range.' *Id.* (quoting § 1B1.10(b)(2)(A)). The 2010 Guideline Amendments provided an exception if the original term of imprisonment imposed was less than the term of the imprisonment provided by the guideline range applicable to the defendant at the time of sentencing. United States Sentencing Commission, *Guidelines Manual*, § 1B1.10(b)(2)(B) (Nov. 2010). In this instance, a reduction comparably less than the amended guideline range could be applied. *Id.* The 2011 Guideline Amendments, however, allow for a reduction comparably less than the amended guideline range only when the original term of imprisonment imposed was less that the term of imprisonment provided by the applicable guideline range as a result of a government motion to reflect the defendant's substantial assistance to authorities. United States Sentencing Commission, *Guidelines Manual*, § 1B1.10(b)(2)(B) (Nov. 2011).

During Jackson's original sentencing on October 30, 2006, the court held him responsible for 191 grams of cocaine base. Pursuant to USSG § 2D1.1(c)(6), Petitioner's conduct would now result in a base offense level of 28. During his original sentencing, Jackson received a three-level

increase for his aggravating role and a two-level increase for possession of firearms, which results in a total offense level of 33. Petitioner also received a three-level reduction for acceptance of responsibility, which results in an adjusted offense level of 30. An offense level of 30 combined with Jackson's criminal history category of VI results in an amended guideline range of 168-210 months. Thus, the minimum sentence the court can impose pursuant to § 1B1.10 is 168 months. Accordingly, the court **denies** Petitioner's request to reduce his term of imprisonment to 144 months or, alternatively, 156 months.

Upon consideration of the amended guideline range; the factors for consideration enumerated in USSG § 1B1.10, comment. (n.1 (B)); Petitioner's criminal history; the facts cited by the court during Petitioner's original sentencing, namely, that Petitioner was held responsible for 191 grams of cocaine base, had an aggravating role in the offense, continued criminal activity while a fugitive, and gave false identification at capture; the court declines to further reduce Petitioner's sentence. The court finds that the sentence of 180 months imposed on January 9, 2012, is within the amended guideline range, and is fair, just, and reasonable under the circumstances.

**III.    Conclusion**

For the reasons herein stated, the court **denies** Petitioner's Motion to Reconsider Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). The clerk of this court shall provide a copy of this memorandum opinion and order to the United States Marshals who shall then provide a copy to the warden of the facility where Zoderick Drosson Jackson is currently confined.

**It is so ordered** this 12th day of March, 2012.

Sam A. Lindsay
United States District Judge